E-FILED on 1/22/09

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| The 2M GROUP, INC., a California Corporation; The 2M Group, a California general partnership<br><br>Plaintiffs,<br><br>v.<br><br>SOLSTICE MANAGEMENT, LLC, a Delaware limited liability company; and DOES 1 through 10, inclusive,<br><br>Defendants. | No. C-07-00136 RMW<br><br>ORDER GRANTING PETITION TO CONFIRM ARBITRATION AWARD; DENYING MOTION TO VACATE ARBITRATION AWARD; GRANTING MOTION TO ADD MICHAEL KOSKIE AND MEG GOODMAN AS PLAINTIFFS<br><br>**[Re Docket Nos. 34, 38, 43]** |

   Plaintiff 2M Group, Inc. ("2M Group") filed a first amended complaint against Solstice Management, LLC ("Solstice") on April 20, 2007 alleging two breach of contract claims and one for copyright infringement.  After the parties participated in mediation they settled the copyright claim and one breach of contract claim, and stipulated to submit the single remaining contract claim to binding arbitration.  The arbitrator found in favor of 2M Group and awarded attorneys' fees and costs.  2M Group petitions this court to confirm the arbitral award.  Solstice Management opposes the petition, arguing in part that this court lacks jurisdiction over claimants Michael Koskie

("Koskie") and Meg Goodman ("Goodman").  Finally, 2M Group moves to add Koskie and Goodman as plaintiffs.  For the reasons stated below, the court grants 2M Group's petition to confirm the award.

## I. BACKGROUND

2M Group is a marketing and brand development firm based in Marin County, California. Final Arbitration Award 2.  From 2003 until 2006, 2M Group provided marketing and brand management services (under the parties' Service Agreement) to Solstice, and also became a member of Solstice's luxury-destination club (under the Membership Agreement).  *Id.*  In late-2006 Solstice merged with another company and terminated its professional relationship with 2M Group.  *Id.* After litigation began, 2M Group, and Koskie and Goodman, terminated their Solstice club membership.  *Id.*

On April 20, 2007, 2M Group filed its first amended complaint, which included claims for breach of the Services and Membership Agreement, and copyright infringement.  First Amended Complaint 1.  The parties settled the claims arising out of the Services Agreement and copyright infringement, and agreed to submit the Membership-Agreement claim to binding arbitration.

On October 24, 2008, the arbitrator issued his final judgment awarding 2M Group a total of $952,151.97.  *Id.*  The instant set of motions followed.

## II. ANALYSIS

**A.     Petition to Confirm Arbitration Award**

The Federal Arbitration Act ("FAA") governs the role of federal courts in reviewing arbitral decisions.  *See* 9 U.S.C. §§ 1-16. Under section 9 of the FAA, a federal district court "must grant [a confirmation] order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." *Id.* at § 9.

"Confirmation is required even in the face of 'erroneous findings of fact or misinterpretations of law.'" *French v. Merrill Lynch*, 784 F.2d 902, 906 (9th Cir.1986) (quoting *Amn. Postal Workers Union. AFL-CIO v. United States Postal Serv.*, 682 F .2d 1280, 1285 (9th Cir.1982), *cert. denied*, 459 U.S. 1200 (1983)). In fact, "[i]t is not even enough that the [arbitrator] may have failed to understand or apply the law. An arbitrator's decision must be upheld unless it is completely irrational

or it constitutes a manifest disregard for law." *G.C. and K.B. Invs., Inc. v. Wilson*, 326 F.3d 1096, 1105 (9th Cir.2003); *see also Todd Shipyards Corp. v. Cunard Line*, 943 F.2d 1056, 1060 (9th Cir.1991). Therefore, the federal district court's role in an arbitration confirmation proceeding is severely limited, and for the most part, the court defers to the arbitrator's determination of the award.

Furthermore, "[a] claimant may not voluntarily submit his claim to arbitration, await the outcome, and, if the decision is unfavorable, then challenge the authority of the arbitrator's act." *Ficek v. S. Pac. Co.*, 338 F.2d 655, 657 (9th Cir.1964), *cert. denied*, 380 U.S. 988 (1965); see also *Carpenters 46 N. Cal. Counties Conference Bd. v. Zcon Builders*, 96 F.3d 410, 415 (9th Cir.1996).

### 1. Jurisdiction Over Koskie and Goodman

In order to grant a petition to confirm an arbitration award under the Federal Arbitration Act, the court must have an independent basis for jurisdiction. *Garrett v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 374 F.3d 830 (9th Cir. 2004). The court had original federal-question subject-matter jurisdiction over the copyright claim and supplemental jurisdiction over the other non-federal claims. 17 U.S.C. § 501; 28 U.S.C. 1338(a); 28 U.S.C. § 1367(a). As for personal jurisdiction, the First Amended Complaint included The 2M Group, Inc., a California corporation, and The 2M Group, a California general partnership, as plaintiffs. First Amended Complaint 1. The parties agreed to settle all but the claim for breach of the Membership Agreement between 2M Group and Solstice, and agreed to submit that claim to binding arbitration. Partial Settlement Agreement, Mutual Release of Liability, and Covenant Not to Sue, Declaration of Laura J. Clark ISO Mot. to Vacate Arb. Award Ex C. In the arbitral proceeding, the 2M Group general partnership and its two general partners, Koskie and Goodman, were included as claimants. *See* Final Arbitration Award, Clark Decl. Ex. L. The Final Arbitration Award awards claimants a total of $952,151.97 in damages, interest, and fees and costs. Solstice opposes confirmation of the award because Koskie and

Goodman were not plaintiffs to the underlying action.[1] 2M Group moves to join them as plaintiffs under Federal Rules 15 and 20(a).

To add Koskie and Goodman as plaintiffs, 2M Group must satisfy Rules 20 and 15 in conjunction. *See Desert Empire Bank v. Insurance Co. of North America*, 623 F.2d 1371, 1374 (9th Cir. 1980). The requirements of Rule 20, that a right to relief be asserted jointly, and that there exist common questions of law or fact, is here plainly satisfied. See Fed. R. Civ. P. 20(a). Koskie and Goodman are the sole partners in 2M Group, and the arbitration award does not distinguish between them as individuals and the partnership as a whole. Clark Decl. Ex. L.

Under Rule 15, the court shall "freely [grant leave to amend] when justice so requires." Fed. R. Civ. P. 15. Whether to allow leave to amend is within the discretion of the district court. *Zivkovic v. S. Cal. Edison Co.,* 302 F.3d 1080, 1087 (9th Cir. 2002). A district court may deny a party's request to amend a pleading where the amendment: (1) produces an undue delay in litigation; (2) is sought in bad faith or with dilatory motive; (3) unduly prejudices the adverse party; or (4) is futile. *AmerisourceBergen Corp. v. Dialysist West, Inc.,* 465 F.3d 946, 951 (9th Cir. 2006).

Solstice points out that the liberal standard of Rule 15 does not here apply because judgment has been entered. As Wright and Miller observe, "once a judgment is entered the filing of an amendment [under Rule 15] cannot be allowed until the judgment is set aside or vacated under Rule 59 or Rule 60." 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE, § 1489, at 692-93 (2d ed. 1990). By operation of law, the stipulation of

---

[1] During the motion hearing, Solstice argued that, because the federal claim has been dismissed and the court has retained jurisdiction only over the state-law Membership-Agreement claim, there is no subject-matter jurisdiction over Koskie and Goodman's claims, and they therefore cannot be added. The parties agree that the court has supplemental subject-matter jurisdiction over the Membership-Agreement claim; the question is whether that supplemental jurisdiction provides sufficient basis for the court's exercise of jurisdiction over additional parties *after* the federal-law claim has been dismissed. 28 U.S.C. 1367(a) explicitly allows supplemental jurisdiction to cover additional parties: "Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." The district may, however, "decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . .(3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. 1367(c)(3)-(4). The court could, therefore, decline to exercise supplemental jurisdiction over Koskie and Goodman in this case. But given the equivalence of their claims to 2M Group's and the resulting lack of prejudice to Solstice, the court finds that the supplemental jurisdiction over the Membership-Agreement claim extends to Koskie and Goodman's claims.

ORDER GRANTING PETITION TO CONFIRM ARBITRATION AWARD; DENYING MOTION TO VACATE ARBITRATION AWARD; GRANTING MOTION TO ADD MICHAEL KOSKIE AND MEG GOODMAN AS PLAINTIFFS—No. C-07-00136 RMW
JAS         4

dismissal, entered on the docket on February 25, 3008, became an entry of judgment after 150 days. Fed. R. Civ. P. 58(c)(2)(B). Because judgment has been entered, 2M Group must satisfy Rule 60 in order to amend the complaint.

Rule 60(b)(1) permits relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60. The court must consider four factors to determine whether conduct falls within Rule 60(b)(1): "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Mendez v. Knowles,* 535 F.3d 973, 980 (9th Cir. 2008) (citing *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993)). In this case, granting relief from judgment for the limited purpose of permitting joinder of Koskie and Goodman would, it seems, only speed resolution of the instant action. Furthermore, such relief would not prejudice Solstice. Finally, 2M Group has apparently proceeded in good faith. The court therefore finds that the failure to add Koskie and Goodman before the 150-day judgment-entry deadline was due to excusable neglect under Rule 60. For the same reasons, the court finds that leave to amend should be granted under Rule 15 to add Koskie and Goodman as plaintiffs.

### B. Motion to Vacate or Modify the Arbitration Award

Solstice argues that the arbitration award should be set aside because the arbitrator exceeded his authority by awarding fees that related to the Services Agreement, when only the Membership dispute was submitted to arbitration. Solstice contends that the arbitrator exceeded his authority under following provision of the Settlement Agreement:

> Except for obligations arising out of this Agreement as well as the Membership Agreement Claim, the Parties, do hereby generally and specifically release, discharge, and acquit one another, Vivari Group PLC, Vivari Management Limited, and the past and present affiliates, subsidiaries, officers, directors, partners, principals, employees, attorneys, insurers, agents, successors, heirs and assigns of the Parties, Vivari Group PLC and Vivari Management Limited from all claims, demands, obligations, losses, causes of action, **costs, expenses, attorney's fees and liabilities of any nature whatsoever, whether based on contract, tort, statutory or other legal or equitable theory of recovery, in any way relating to the Copyright Claim, Compensation Agreement Claim, and the Counterclaims, whether known or unknown**, occurring prior to, as of, and after the date of the execution of this Agreement.

1  Solstice Management's Reply ISO Mot. to Vacate Arb. Award 3 (emphasis in original).  Solstice's
2  argument seems to misapprehend the settlement's terms.  In the provision quoted above, the first
3  clause of the sentence expressly limits the scope of the release: "**Except** for obligations arising out of
4  . . . the Membership Agreement Claim . . ." *Id.* (emphasis added).  That is, under the settlement
5  agreement costs and fees relating to the settled claims may be recovered in so far as they arise out of
6  the Membership Agreement as well.

7  The arbitrator found that "Claimants have limited their application to fees and costs to those
8  related exclusively to the Membership Claim and those inextricably intertwined therewith."  This
9  finding is within the constraints of the settlement agreement, and is also consistent with California
10 law regarding the availability of damages arising out of a breach of contract action.  *See Reynolds*
11 *Metals Co. v. Alperson,* 25 Cal. 3d 124, 129-30 (1979) (awarding fees for issues common to joined
12 but separate causes of action); *Diamond v. John Martin Co.*, 752 F.2d 1465 (9th Cir. 1985) ("A
13 litigant may not increase the fee recovery by joining a cause of action in which fees are not
14 recoverable with one in which they are. . . .  The recognized barrier to segregation for purposes of
15 calculating fee awards is inextricably intertwined issues.").  The court therefore finds that the
16 arbitrator did not exceed his authority in awarding fees.

### III. ORDER

18  For the reasons stated above, the court grants 2M Group's motion to add Koskie and
19 Goodman as plaintiffs and grants the motion to confirm the arbitral award.  The court denies
20 Solstice's motion to set aside the award.

23  DATED:    1/22/09

_____
JUDGE JEREMY FOGEL
United States District Judge

ORDER GRANTING PETITION TO CONFIRM ARBITRATION AWARD; DENYING MOTION TO VACATE ARBITRATION
AWARD; GRANTING MOTION TO ADD MICHAEL KOSKIE AND MEG GOODMAN AS PLAINTIFFS—No. C-07-00136 RMW
JAS                                                                       6

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

Thomas Allen Brackey , II       tbrackey@freundandbrackey.com
Derek Scott Lemkin              dlemkin@freundandbrackey.com

**Counsel for Defendants:**

Jonathan M. Cohen               jcohen@winston.com
Laura J. Clark                  ljclark@winston.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**   1/22/09                                Christian Delaney
                                                    **Chambers of Judge Fogel**